# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 21-516V
### Filed: May 6, 2026

|  |  |
|---|---|
| CATHERINE KANE,<br><br>     Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>     Respondent. | Special Master Horner |

*Diana Lynn Stadelnikas, Mctlaw, Sarasota, FL, for petitioner.*
*Mark Kim Hellie, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On January 11, 2021, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.* (2012) ("Vaccine Act").[2] (ECF No. 1.) Petitioner alleged that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccination that she received on October 2, 2020. (*Id*. at 1-2.) On April 8, 2025, petitioner was awarded damages based on the parties' joint stipulation. (ECF No. 63.) Judgment entered on April 14, 2025. (ECF No. 65.)

On July 22, 2025, petitioner filed a motion seeking an award of attorneys' fees and costs. (ECF No. 70.) Petitioner seeks a total of $87,134.54, which includes $74,216.00 for attorneys' fees and $12,918.54 for attorneys' costs. (*Id.* at 1-2.) The requested costs include $9,600 for the work of petitioner's expert, Uma Srikumaran,

---

[1] Because this document contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the document will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] Within this decision, all citations to § 300aa will be to the relevant sections of the Vaccine Act at 42 U.S.C. § 300aa-10, *et seq.*

M.D.  (ECF No. 70-3, pp. 55-59.)  Petitioner confirmed that she did not incur any personal expenses.  (ECF No. 70-4.)  Respondent did not file any response.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 300aa-15(e).  The billing records reflect that all work performed in this case was billed at hourly rates that have previously been accepted for this counsel.  *E.g., Gornowicz v. Sec'y of Health & Human Servs.*, No. 17-2053V, 2026 WL 988604, at *2-3 (Fed. Cl. Spec. Mstr. Mar. 16, 2026).  Additionally, in the undersigned's experience, the request for attorneys' fees appears reasonable overall given the specific procedural history of this case.  The costs also appear to be reasonable and sufficiently documented. Finally, pursuant to Vaccine Rule 13(a)(3), "[t]he failure of respondent to identify with particularity any objection to a request for attorney's fees and costs may be taken into consideration by the special master in the decision."  Here, respondent has not raised any objection with particularity.

Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards a lump sum of $87,134.54, representing reimbursement of attorneys' fees and costs, to be paid through an ACH deposit to petitioner's counsel of record, Diana Lynn Stadelnikas's IOLTA account for prompt disbursement.**

The clerk of the court shall enter judgment in accordance herewith.[3]


**IT IS SO ORDERED.**

**s/Daniel T. Horner**
Daniel T. Horner
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.